IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER M. MORGAN, | No. 2:23-CV-1018-DJC-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| ANISE ADAMS, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply,

1  concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to
2  Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice
3  of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121,
4  1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity
5  overt acts by specific defendants which support the claims, vague and conclusory allegations fail
6  to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening
7  required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff Christopher Morgan is a fifty-year-old inmate, with multiple health and mental health issues, housed at the California Healthcare Facility ("CHCF") in Stockton, California.  See ECF No. 1, pg. 5.  Plaintiff names the following as defendants: (1) Anise Adams, Chief Medical Executive at CHCF; (2) S. Fears, Faculty "C" Sergeant at CHCF; and (3) F. Casillas, Correctional Sergeant at CHCF.  See id. at 5-6.

Around December 19, 2020, Plaintiff was ordered to move to the "Facility E Yard Covid-19 Medical Tents." ("Medical Tents") See id. at 6.  The Medical Tents were outdoor tents that did not have any heat or ventilation.  See id. at 6-7.  Plaintiff alleges that Defendant Casillas threatened him with disciplinary actions and threatened to place Covid-19 positive inmates into his housing unit if he and the other inmates did not move immediately into the Medical Tents.  See id. at 7.

As of December 22, 2020, Plaintiff had still not moved to the Medical Tents.  See id.  Six new inmates were soon moved into Plaintiff's housing unit from the "Out Patient Housing," which housed inmates recovering from Covid-19.  See id.  At this time, CHCF was on a "no movement status due to the Covid-19 virus medical quarantine status," unless there was a mental health crisis or medical emergency.  See id. at 8.  Plaintiff speculates the medical status of these inmates was "forged" by Defendant Fears to have them moved into his unit at this time because they did not have the required approvals needed.  See id.  Plaintiff argues a psychiatrist, or psychologist, must be involved to order the move, but there is no record of any signed

approvals.  See id.

Plaintiff attempted to notify the proper authorities by reporting the overcrowding to Lieutenant Ratcliff, the Public Information Officer.  See id. at 9.  Around December 28, 2020, Plaintiff's housing unit exploded with cases of Covid-19.  See id. at 11.  Plaintiff tested positive on January 4, 2021.  See id.  Plaintiff contends he never received any medical treatment after testing positive and now suffers from long-term side effects.  See id.

According to Plaintiff, around January 11, 2021, Lieutenant Ratcliff made statements disregarding Plaintiff's health and safety by denying the move stating "some of you are going to die.  That is just the way it is."  See id. at 12.  Following that, around February 1, 2021, Defendant Casillas signed for inmates to move into housing units in violation of the social distancing recommendations.  See id. at 13.

## II. DISCUSSION

The Court finds that Plaintiff states cognizable Eighth Amendment claims against Defendants Fears and Casillas.  Plaintiff has not, however, alleged sufficient facts to show the liability of supervisory defendant Adams, who is the prison's Chief Medical Executive.

Supervisory personnel are generally not liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations.  See id.  The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act.  See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.

Here, Plaintiff generally alleges that Defendant Adams, the Chief Medical Officer, is liable for failure to adequately train and supervisor subordinates. See e.g. ECF No. 1, pgs. 12-13. As explained, Adams' liability cannot rest on a theory of respondeat superior whereby supervisors are liable for the conduct of subordinates. Rather, Plaintiff must allege facts to show Defendant Adams' personal involvement, which he has failed to do. Plaintiff will be provided an opportunity to amend the complaint.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

　　　　　Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

　　　　　Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated:  February 1, 2024

　　　　　_____
　　　　　DENNIS M. COTA
　　　　　UNITED STATES MAGISTRATE JUDGE