IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER M. MORGAN,<br><br>    Plaintiff,<br><br>    v.<br><br>S. FEARS, et al.,<br><br>    Defendants. | No. 2:23-CV-1018-DJC-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Defendants' motion to dismiss.  See ECF No. 18.  Plaintiff has filed an opposition.  See ECF No. 29.  Defendants have filed a reply.  See ECF No. 30.

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The Court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

1    In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.
2    See Haines v. Kerner, 404 U.S. 519, 520 (1972).
3           Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement
4    of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair
5    notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly,
6    550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order
7    to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain
8    more than "a formulaic recitation of the elements of a cause of action;" it must contain factual
9    allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56.  The
10   complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at
11   570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the
12   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
13   Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but
14   it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting
15   Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a
16   defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement
17   to relief." Id. (quoting Twombly, 550 U.S. at 557).
18          In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials
19   outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);
20   Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The Court may, however, consider: (1)
21   documents whose contents are alleged in or attached to the complaint and whose authenticity no
22   party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,
23   and upon which the complaint necessarily relies, but which are not attached to the complaint, see
24   Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials
25   of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.
26   1994).
27   / / /
28   / / /

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## I. BACKGROUND

### A.  Plaintiff's Allegations

This action proceeds on Plaintiff's original complaint. Plaintiff is a fifty-year-old inmate, with multiple health and mental health issues, housed at the California Healthcare Facility (CHCF) in Stockton, California. See ECF No. 1, pg. 5. Plaintiff names the following as defendants: (1) Anise Adams, Chief Medical Executive at CHCF; (2) S. Fears, Faculty "C" Sergeant at CHCF; and (3) F. Casillas, Correctional Sergeant at CHCF. See id. at 5-6. Defendants are sued in their individual and official capacities. See id.

Around December 19, 2020, Plaintiff was ordered to move to the "Facility E Yard Covid-19 Medical Tents." ("Medical Tents") See id. at 6. The Medical Tents were outdoor tents that did not have any heat or ventilation. See id. at 6-7. Plaintiff alleges that Defendant Casillas threatened him with disciplinary actions and threatened to place Covid-19 positive inmates into his housing unit if he and the other inmates did not move immediately into the Medical Tents. See id. at 7.

As of December 22, 2020, Plaintiff had still not moved to the Medical Tents. See id. Six new inmates were soon moved into Plaintiff's housing unit from the "Out-Patient Housing," which housed inmates recovering from Covid-19. See id. At this time, CHCF was on a "no movement status due to the Covid-19 virus medical quarantine status," unless there was a mental health crisis or medical emergency. See id. at 8. Plaintiff speculates the medical status of these inmates was "forged" by Defendant Fears to have them moved into his unit at this time because they did not have the required approvals needed. See id. Plaintiff argues a psychiatrist, or psychologist, must be involved to order the move, but there is no record of any signed approvals. See id.

///

Plaintiff attempted to notify the proper authorities by reporting the overcrowding to Lieutenant Ratcliff, the Public Information Officer. See id. at 9. Around December 28, 2020, Plaintiff's housing unit exploded with cases of Covid-19. See id. at 11. Plaintiff tested positive on January 4, 2021. See id. Plaintiff contends he never received any medical treatment after testing positive and now suffers from long-term side effects. See id.

According to Plaintiff, around January 11, 2021, Lieutenant Ratcliff made statements disregarding Plaintiff's health and safety by denying the move stating "some of you are going to die. That is just the way it is." See id. at 12. Following that, around February 1, 2021, Defendant Casillas signed for inmates to move into housing units in violation of the social distancing recommendations. See id. at 13.

**B.      Procedural History**

On February 1, 2024, the Court issued an order addressing the sufficiency of Plaintiff's complaint and determined that Plaintiff states potentially cognizable Eighth Amendment claims against Defendants Fears and Casillas. See ECF No. 9. The Court otherwise found that Plaintiff's allegations against Defendant Adams are insufficient. See id. Plaintiff was provided an opportunity to amend and informed that if no amended complaint was filed within the time permitted therefor, the Court would recommend dismissal of Defendant Adams. See id.

As of March 20, 2024, Plaintiff had not filed an amended complaint, and the Court issued findings and recommendations that Defendant Adams be dismissed. See ECF No. 10. The Court also issued an order directing service of the complaint on Defendants Fears and Casillas. See ECF No. 11. The District Judge adopted the March 20, 2024, findings and recommendations in full on June 7, 2024. See ECF No. 17. On the same day, Defendants Fears and Casillas filed the pending motion to dismiss. See ECF No. 18. After being granted several extensions of time, Plaintiff filed an opposition on January 31, 2025. See ECF No. 29. Defendants filed a reply on February 13, 2025. See ECF No. 30.

/ / /

/ / /

/ / /

## II. DISCUSSION

In their motion to dismiss, Defendants argue they are entitled to qualified immunity.[1] See ECF No. 18, pg. 3. For the reasons discussed below, the Court agrees.

Government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In general, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). In ruling upon the issue of qualified immunity, the initial inquiry is whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the defendant's conduct violated a constitutional right. See Saucier v. Katz, 533 U.S. 194, 201 (2001). If a violation can be made out, the next step is to ask whether the right was clearly established. See id. This inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition . . . ." Id. "[T]he right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Id. at 202 (citation omitted). Thus, the final step in the analysis is to determine whether a reasonable officer in similar circumstances would have thought his conduct violated the alleged right. See id. at 205.

When identifying the right allegedly violated, the court must define the right more narrowly than the constitutional provision guaranteeing the right, but more broadly than the factual circumstances surrounding the alleged violation. See Kelly v. Borg, 60 F.3d 664, 667 (9th Cir. 1995). For a right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand [that] what [the official] is doing violates the right." See Anderson v. Creighton, 483 U.S. 635, 640 (1987). Ordinarily, once the court

---

[1] Defendants also challenge the merits of Plaintiff's claims, arguing: (1) Plaintiff fails to allege sufficient facts to establish that they were aware of a sufficiently serious risk to Plaintiff; (2) Plaintiff fails to allege sufficient facts to establish that Defendants were actually involved in any constitutional violation because the allegations are conclusory and non-specific; and (3) to the extent Defendants are sued in their official capacities, Plaintiff has not alleged an underlying departmental policy or practice to support his claims. See ECF No. 18, pg. 3.

5

concludes that a right was clearly established, an officer is not entitled to qualified immunity because a reasonably competent public official is charged with knowing the law governing his conduct. See Harlow v. Fitzgerald, 457 U.S. 800, 818-19 (1982). However, even if the plaintiff has alleged a violation of a clearly established right, the government official is entitled to qualified immunity if he could have ". . . reasonably but mistakenly believed that his . . . conduct did not violate the right." Jackson v. City of Bremerton, 268 F.3d 646, 651 (9th Cir. 2001); see also Saucier, 533 U.S. at 205.

The first and second factors in the qualified immunity analysis involve purely legal questions. See Trevino v. Gates, 99 F.3d 911, 917 (9th Cir. 1996). The third inquiry involves a legal determination based on a prior factual finding as to the reasonableness of the government official's conduct. See Neely v. Feinstein, 50 F.3d 1502, 1509 (9th Cir. 1995). The district court has discretion to determine which of the Saucier factors to analyze first. See Pearson v. Callahan, 555 U.S. 223, 236 (2009). In resolving these issues, the court must view the evidence in the light most favorable to plaintiff and resolve all material factual disputes in favor of plaintiff. See Martinez v. Stanford, 323 F.3d 1178, 1184 (9th Cir. 2003).

Considering the first two factors, which present purely legal questions, the Court finds that Plaintiff has not demonstrated violation of a clearly established constitutional right.[2]

Defendants argue:

> Whether a "clearly established" right was violated depends on the state of the law, the specific facts facing an official, and the action taken. Because numerous courts around the country did not find that prison officials' responses to the pandemic violated the Eighth Amendment, it was not clearly established that Plaintiff had a right to be free from some unquantifiable increase in risk of exposure to COVID-19 in prison. It certainly was not established that, in the face of an unprecedented and poorly-understood global pandemic still in its early stages, changing inmates' housing assignments—especially to combat the virus's spread—would violate the Eighth Amendment. One thus cannot say that every reasonable official would know that Defendants' alleged conduct would violate the Constitution.

ECF No. 18, pgs. 25-26.

---

[2] In the absence of any prior factual findings as to the reasonableness of Defendants' conduct in this case, the Court cannot consider the third factor in the qualified immunity analysis.

        The Court agrees. In similar cases around the country involving prison response to the Covid-19 pandemic, the responses implemented did not violated the Eighth Amendment. Indeed, the law indicates that any reasonable response passes constitutional muster. See, e.g., Stevens v. Carr, 2021 WL 39542, at *4 (E.D. Wis. Jan. 5, 2021); Grinis v. Spaulding, 459 F. Supp. 3d 289, 292 (D. Mass. 2020); see also Hill v. Whitmer, 2021 WL 3877920, at *2 (6th Cir. 2021) (affirming dismissal of deliberate indifference claim because the state agency "was aware of the risk that Covid-19 poses and took steps to reduce it"); Swain v. Junior, 961 F.3d 1276, 1287-89 (11th Cir. 2020) (concluding that the facility's response was reasonable despite its failure to mitigate the spread of Covid-19); Wilson v. Williams, 961 F.3d 829, 840-44 (6th Cir. 2020) (concluding that the federal Bureau of Prisons' response was reasonable despite six inmates' deaths).

        The Court finds that Plaintiff's allegations concerning Defendants' response to the Covid-19 pandemic at CHCF cannot, as a matter of law, state a claim for violation of a constitutional right which was clearly established at the time of the events alleged in the complaint. The Ninth Circuit reached the same conclusion regarding an outbreak of Valley Fever at a California prison. See Hines v. Youseff, 914 F.3d 1218, 1229-30 (9th Cir. 2019) ("[T]he right to be free from heightened exposure to Valley Fever spores" was not clearly established). More specifically as to Covid-19, in Plata – the district court litigation overseeing the consent-decree governing health care at California prisons – the court determined that inmates in California had not shown that the state's response to the Covid-19 pandemic had been so deficient as to violate the Eighth Amendment where various measures were undertaken even if they did not fully prevent the spread of Covid-19. See generally 445 F. Supp. 3d 557 (N.D. Cal. 2020).

///
///
///
///
///
///

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that Defendants' motion to dismiss, ECF No. 18, be granted and that this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 3, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE