UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER M. MORGAN, | No. 2:23-cv-01018-DJC-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| S. FEARS, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C § 1983. The matter was referred to a United States Magistrate Judge pursuant to the Eastern District of California's Local Rules.

On March 3, 2025, the Magistrate Judge filed Findings and Recommendations herein which were served on the Parties, and which contained notice that the Parties may file objections within the time specified therein. Plaintiff filed timely objections to the Findings and Recommendations (ECF No. 35.).[1]

---

[1] Defendants filed a Response (ECF No. 36) to Plaintiff's Objections, which Plaintiff argues are untimely (ECF No. 37.) The Court has exercised its discretion to consider Defendants' Response.

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304(f), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court respectfully declines to adopt the Findings and Recommendations.

The Findings and Recommendations recommended dismissal of Plaintiff's Complaint with prejudice on qualified immunity grounds. "The doctrine of qualified immunity shields officials from civil liability so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Mullenix v. Luna,* 577 U.S. 7, 11 (2015) (per curiam) (citation omitted). At the motion to dismiss stage, an officer must show that the allegations in the complaint do not make out a violation of a constitutional right or that any such right was not clearly established as the time of the alleged misconduct. *See Pearson v. Callahan,* 555 U.S. 223, 232–36 (2009). "[D]ismissal is not appropriate unless we can determine, based on the complaint itself, that qualified immunity applies." *Polanco v. Diaz,* 76 F.4th 918, 925 (9th Cir. 2023) (citation omitted).

Plaintiff is proceeding in this case on Eighth Amendment claims for cruel and unusual punishment. Defendants move to dismiss on the grounds that Plaintiff's allegations are insufficient to state a claim under the Eighth Amendment. Defendants also alternatively argue that they are entitled to qualified immunity, and that Plaintiff fails to state claims against Defendants in their official capacity, to the extent that he intends to pursue them. Plaintiff contends that he has plausibly stated a claim upon which relief can be granted, and that Defendants are not entitled to qualified immunity.

The Eighth Amendment's prohibition against "cruel and unusual punishments" imposes duties on prison officials to provide "humane conditions of confinement." *Hampton v. California,* 83 F.4th 754, 765 (9th Cir. 2023) (citing *Farmer v. Brennan,* 511 U.S. 825, 832 (1994)). As such, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care" and must "take reasonable

measures to guarantee the safety of the inmates." *Farmer,* 511 U.S. at 832 (citation and internal quotations omitted). The protections extend to "condition[s] of confinement that [are] sure or very likely to cause serious illness and needless suffering" in the future. *Helling v. McKinney,* 509 U.S. 25, 33 (1993). Under these circumstances, a "prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate" that violates the Eighth Amendment. *Hampton,* 83 F.4th at 766 (citation omitted). This type of claim contains an objective component: requiring that the deprivation was objectively sufficiently serious, and a subjective component: such that the defendant official acted with deliberate indifferent to inmate health or safety. *Id.* (citations omitted).

In *Hampton v. California,* 83 F.4th 754 (9th Cir. 2023), the Ninth Circuit held that the spouse of an inmate who had died from COVID-19 in prison stated a claim of deliberate indifference. In 2020, high level officials of the California prison system transferred 122 inmates from the California Institute for Men, which had experienced a severe COVID-19 outbreak, to San Quentin State Prison, thereby sparking an outbreak of COVID-19 in San Quentin that infected over 2,000 inmates and killed over twenty-five inmates. *See Id.* at 759–60. In its decision, the Ninth Circuit addressed both the objective and subject prongs of the Eighth Amendment analysis. *Id.* at 766. On the objective inquiry, the Ninth Circuit recognized that the plaintiff's complaint highlighted the various steps state and local governments took to prevent exposure to COVID-19. *Id.* These allegations plausibly alleged that an objective "societal consensus" emerged by May 2020 that the risk of contracting COVID-19 was severe such that involuntarily exposing inmates to the disease violated the then-current standards of decency. *Id.* The court also distinguished the circumstances in *Hines v. Youseff,* 914 F.4th 1218 (9th Cir. 2019), where it had not been established that the involuntary exposure to the existence of certain fungal spores constituted a violation of current standards of decency amongst members of society. *Id.* Thus, the Ninth Circuit concluded that the objective inquiry was satisfied. *Id.*

3

Here, Plaintiff's Complaint addresses the various efforts taken by prison staff, including Defendants, to address pandemic-related risks through implementation of various measures such as the designation of special housing for infected inmates, rehousing inmates based on their potential exposure, and limiting movement in the prison. These allegations, like the ones in *Hampton*, plausibly indicate that a "societal consensus" had emerged by December 2020 to suggest that the risk of contracting COVID-19 was severe such that involuntary exposure would have violated then-current standards of decency. Thus, Plaintiff has met the objective inquiry of the Eighth Amendment analysis.

On the subjective prong, a plaintiff must show that officials were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and must have "actually draw[n] the inference." *Hampton,* 83 F.4th at 767. Plaintiff alleges that he was ordered to move into "Facility E Yard Covid-19 Medical Tents" which were for COVID-19-positive inmates. (Compl. (ECF No. 1) ¶ 10.) Plaintiff did not want to move and alleges that Defendant Casillas threatened him with disciplinary actions and threatened to place COVID-19 positive inmates into his housing unit if he did not move to the Medical Tents. (*Id.* ¶ 12.) A few days later, Plaintiff contends that six new inmates were moved into his housing unit, without having a "rapid test" done, from "out-patient housing" which housed inmates who were recovering from COVID-19. (*Id.* ¶ 13.) At the time, there was a "no-movement" order in place, given concerns about COVID-19, except for mental health or medical emergencies. (*Id.*) Plaintiff alleges that Defendant Fears forged the medical status of the six inmates, and that his housing unit did not contain any beds for inmates with mental health issues. (*Id.*) Following the transfer, Plaintiff tested positive for COVID-19 and that an explosion of cases occurred in the housing unit. (*Id.*)

At this stage, the Court finds that Plaintiff has plausibly alleged that Defendants "acted...despite [their] knowledge of a substantial risk of serious harm." *Farmer,* 511 U.S. at 842. While the Court has concerns about the plausibility of Plaintiff's

4

allegations of forged documents, given the additional allegation that there were no mental health beds in his unit and movement was otherwise restricted, the Court concludes these allegations meet the standards in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Taken as true, the allegations indicate that Defendants were aware that COVID-19 would cause Plaintiff harm and proceeded to act in a way that would endanger Plaintiff, particularly in terms of the threat to move in COVID-19-positive patients and the circumstances surrounding the transfer of the inmates. Accordingly, the Court finds that the subjective prong of the Eighth Amendment analysis is met.

The Court also finds that the right at issue was clearly established at the time of the violation. *See Stewart v. Aranas,* 32 F.4th 1192, 1195 (9th Cir. 2022). For an officer's unlawful conduct to be "clearly established" it must be true that "at the time of the officer's conduct, the law was sufficiently clear that every reasonable official would understand that what he is doing is unlawful." *District of Columbia v. Wesby,* 583 U.S. 48, 63 (2018) (citations and quotation marks omitted). In *Hampton,* the Ninth Circuit explained that the right to be free from exposure to a serious disease has been clearly established since at least 1993, when the Supreme Court decided *Helling v. McKinney,* 509 U.S. 25 (1993). *Hampton,* 83 F.4th at 770. The *Hampton* court detailed several Ninth Circuit cases that made this right clearly established by the spring of 2020. *Id.* at 771 (collecting cases showing that the Eighth Amendment clearly required prison officials to protect inmates from exposure to serious diseases). If the law was clearly established in spring of 2020, then it certainly was clearly established in December 2020, which is when Plaintiff alleges these incidents occurred. Accordingly, the Court finds that reasonable prison officials would have been on notice that they could be held liable for exposing inmates to a serious disease.

ACCORDINGLY, IT IS HEREBY ORDERED that:

1. The Court declines to adopt the Findings and Recommendations (ECF No. 31);

2. Plaintiff's Motion to Vacate Defendants' Response (ECF No. 37) is DENIED;

3. Defendants' Motion to Dismiss (ECF No. 18) is DENIED; and

4. This matter is referred back to the Magistrate Judge for all further pretrial proceedings.

IT IS SO ORDERED.

Dated:   **September 30, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC6 – MORGAN23cv01018.jo_v1